

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

        Case No. 98-74170

MERCY HEALTH SERVICES,
d/b/a MERCY HOSPITAL,

        Honorable AVERN COHN

        Defendant.
_____/

**CONSENT DECREE**

1.     Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), commenced this action on September 25, 1998, in the United States District Court for the Eastern District of Michigan, Southern Division, alleging that the Defendant, Mercy Health Services, d/b/a Mercy Hospital (the "Defendant"), engaged in discriminatory employment practices against Minnie Murray by denying her a position of a Business Office Clerk ("BOC") position based on her age (52), in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

2.     As a result of settlement discussions, the Commission and the Defendant have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree. It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of any and all claims alleged against the Defendant or which might have been alleged against the Defendant in the Complaint.



## STIPULATED FACTS

3. The Commission is the agency of the United States government authorized by ADEA to investigate allegations of unlawful employment discrimination based on race, to bring civil actions to prohibit unlawful practices, and to seek relief for individuals affected by such practices.

4. Pursuant to ADEA, the parties acknowledge the jurisdiction of the United States District Court of the Eastern District of Michigan, Southern Division, over the subject matter and the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

5. Venue is appropriate in the Eastern District of Michigan, Southern Division. For purposes of this Decree and any proceedings related to this Decree only, the Defendant agrees that all statutory conditions precedent to the institution of this lawsuit against the Defendant have been fulfilled.

## FINDINGS

6. Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

    b. The terms and provisions of this Consent Decree are fair, reasonable, and just. The rights of the Defendant and the Commission are protected adequately by this Decree.

    c. This Consent Decree conforms with the Federal Rules of Civil Procedure and ADEA, and is not in derogation of the rights and privileges of any person. The entry

of this Consent Decree will further the objectives of ADEA and other applicable law and will be in the best interests of the parties and those for whom the Commission seeks relief.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

### NON-ADMISSION

7. This Decree, being entered with the consent of the Commission and the Defendant, shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission by The Defendant of any violation of ADEA or any other law, rule or regulation dealing with or in connection with equal employment opportunities. Similarly, consent to performance under this Decree by the Commission does not constitute an admission that any claim asserted by it in this lawsuit was not valid or that any defense of the Defendant was valid.

### NON-DISCRIMINATION

8. The Defendant, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them shall comply with the provisions of the ADEA.

### NON-RETALIATION

9. The Defendant shall not take any action against any person which constitutes intimidation, retaliation, harassment or interference with the exercise of such person's rights under ADEA because of the filing of Charge No. 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 with the Commission, which forms the basis for the present case, or because such person gave testimony or assistance or

participated in any manner in any investigation or proceeding in connection with this case under ADEA.

10. The Defendant shall purge Minnie Murray's personnel file of all information regarding her charge against the Defendant, this lawsuit and the incidents which have led to the charge and the lawsuit.

## MONETARY COMPENSATION

11. The Defendant shall, within fourteen (14) days after the entry of this Consent Decree, pay Minnie Murray ten thousand dollars ($ 10,000.00) in settlement of the above-mentioned claims. The payment shall be mailed directly to: Minnie Murray, 18411 Robson Street, Detroit, Michigan 48235. A copy of the check shall be mailed to: Adele Rapport, Regional Attorney, 477 Michigan Avenue, Suite 865, Detroit, Michigan 48226. The Commission shall have the right to monitor compliance with this paragraph through inspection of all documents relating to said disbursement, including but not limited to, a copy of the check, check stub, return receipt, letters, and any other documents evincing payment hereunder.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

12. This Consent Decree shall remain in effect for three years from the date it is entered, and the Court shall retain jurisdiction of this action during the duration of the Consent Decree to enforce or modify the Consent Decree.

## DISPUTE RESOLUTION AND COMPLIANCE

13. The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by

the Court, and shall be required to give notice to each other ten (10) days before moving for such review. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, with fifteen (15) business days notice for depositions, entry to premises and access to documents and, with fifteen (15) business days for responses to written discovery.

## MISCELLANEOUS

14. The Defendant's hospital, where Ms. Murray formerly was employed, has closed. Further, the Defendant's decision maker(s) who allegedly participated in denying the BOC position to Ms. Murray are no longer employed by the Defendant. Hence, the parties have determined that it is not feasible for Defendant to provide EEO training and/or educational programs to management and supervisory employees who participated in personnel decision making at the hospital or to comply with any notice posting or reporting obligations of any kind at the hospital.

15. Except as expressly provided herein, all parties shall bear their own costs and expenses of litigation, including attorneys' and experts' fees.

19. This Consent Decree constitutes the entry of final judgment, within the meaning of Rule 54 of the Federal Rules of Civil Procedure, on all claims asserted in or which might have been asserted in this action. This court retains jurisdiction over this matter, however, for the purpose of entering appropriate orders interpreting and enforcing this judgment.

20. If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

21. The terms of this Consent Decree are and shall be binding upon the present and

future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of the Defendant.

22. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by authorized representatives of the Defendant and the Commission.

23. When this Consent Decree requires or permits the submission by the Defendant of any documents to the Commission, if not otherwise indicated in the Decree, they shall be mailed by certified mail to: Adele Rapport, Regional Attorney, EEOC, Detroit District Office, 477 Michigan Avenue, Suite 865, Patrick V. McNamara Building, Detroit, Michigan 48226.

SO ORDERED this the _____ day of _____, 2000.    **FEB 28 2000**

_____
The Honorable AVERN COHN

WE HEREBY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ADELE RAPPORT (P 44833),
Regional Attorney

ROBERT K. DAWKINS (P 38289),
Supervisory Trial Attorney


ELLEN HA (P 46476),
Trial Attorney
Patrick V. McNamara Bldg.
477 Michigan Avenue - Suite 865
Detroit, Michigan 48226
Telephone: (313) 226-5670



MERCY HEALTH SERVICES,
d/b/a MERCY HOSPITAL,


RAYMOND CAREY (P 33266)
Miller, Canfield, Paddock & Stone, PLC
150 West Jefferson, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420